SMITH, J.,
dissenting.
This matter comes before this Court for review of a Trial Court decision which placed guardianship over a minor with both the maternal and paternal grandparents. Appellants allege that the Trial Court erred by: 1) not giving proper weight to the Guardian Ad Litem (GAL) report, 2) not following the preference policies of TTC 4.05.370(l)(h)(b)(i), 3) by fading to take into account the substantial negative evidence against the paternal grandparents, 4) by failing to take into account the length of time spent in the sole care of the maternal grandmother, 5) by not allowing the petitioners full access to all information in the court record regarding the other petitioner, and 6) by granting two parties guardianship over the youth. The majority of this panel has voted to overturn the decision. I am dissenting for the following reasons.
STANDARD OF REVIEW
When we review an order from the Trial Court we have three standards for review: abuse of discretion, clear error or de novo. There is a presumption that a judge’s decision is fundamentally correct. A reviewing court should be looking at the final decision with an eye towards whether or not there was enough evidence presented to the Court to allow it to make an informed decision. If there was, then we must affirm the decision. We are not allowed to overturn a judge’s decision just because it isn’t the decision that we would have made in a similar situation with the same evidence. We must give deference to the judge’s discretion unless they have made a decision that is so far out of line that no reasonable person would be of the some opinion
Decisions by the trial court are divided into three categories for purposes of the standard of our review: questions of law (reviewable de novo): questions of fact (reviewable for clear error); and matter of discretion (reviewable for abuse of discretion). Hoopa Valley Authority v. Doolittle, No. A-04-009 at 3 (Hoopa Valley Tribal Ct.App.2005). Matters of discretion are those that are not controlled by statute. See, e.g., Pierce v. Underwood, 487 U.S. 552 [108 S.Ct. 2541, 101 L.Ed.2d 490] (1988). The abuse of discretion standard is highly deferential to the lower court. See, e.g., Harman v. Apfel, 211 F.3d 1172, 1175 (9th Cir.2000) (“Normally, the decision of a trial court is reversed under the abuse of discretion standard only when the appellate court is convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances.”).
In the Matter of EM, 9 NICS App. 1, 6 (Hoopa Valley Tribal Ct.App.2009) (one internal citation omitted).
Thus the Colville Tribal Court directs and the COA has held that in determining the care of minor children, such care must be in the best interest of the child and the Tribe, and must seek to give such care and guidance to preserve and strengthen family whenever possible.... The determination of the best interests of the child is a highly factual inquiry which will not be disturbed on appeal without a showing of abuse of discretion. The Court must weigh a variety of factors, including identifying the appropriate factors and weighting such factors to reach an appropriate legal conclusion.
*323 In Re J.L.V., et al., 8 CCAR 23, 82 Ind.Lw.Rptr 6142 (2005).
A review for an abuse of discretion violation requires that the Court of Appeals must find the Trial Court’s actions were manifestly unreasonable, exercised on untenable grounds, or for untenable reasons.
Marchand v. CCT, 8 CCAR 18, 32 ILR 6102 (2005).
I would state that we should be reviewing this case on the abuse of discretion standard,
DISCUSSION

GAL Report/Joint Guardianship

Appellant alleges that the Trial Court should have relied more on the recommendations of the GAL report in making its final decision and that there should not have been a joint guardianship granted. The judge determined that the evidence supported granting guardianship to both maternal and paternal grandparents, being in the best interests of the minor.
TTC 4.05.370(4) states:
Beda?chelh Guardianship Report. Upon receipt of a petition for legal guardianship, bedaTchelh shall investigate any party to be appointed as a legal guardian, conduct a complete home study, and shall prepare and submit a written report to the Court no later than 20 calendar days before the guardianship hearing. (Emphasis added.)
TTC 4.05.370(4)(c) states:
The report shall contain beda?chelh’s recommendation regarding the legal guardianship, and whether beda?chelh believes that such legal guardianship will be in the best interests of the child. (.Emphasis added.)
The Trial Court stated in its final order that beda’ehehl completed the required home studies on each proposed guardian but did not recommend which guardian the court should choose. Instead the reports stated that each guardian was “eligible” for guardianship. Beda?chehl supported the court’s appointment of a GAL, however beda?chehl stated on the record that it did not intend the recommendation to be “heavily favored as a beda?chehl recommendation would be under the Code.” TTC 4.05.370(l)(b)(vii). Order at 1.7. While the judge agreed that the GAL report was a substantial legal factor, she disagreed with the mandatory preference because the Court appointed the GAL to assist in the matter since beda?ehehl would not give a recommendation giving preference of one guardian over the other. There is nothing in the record which shows that beda?ehehl delegated its responsibility to make a recommendation. It made the recommendation that both petitioners were eligible for consideration.
The court simply used another tool (the GAL report) to help it decide if either or both potential guardians should be appointed. It had beda?ehehl’s recommendation (either party was suitable) and also the GAL recommendation (maternal grandparent should be appointed). Ultimately, the decision was up to the court to decide the best interests of the minor. Reports and recommendations are just that. They report facts obtained by investigation and make recommendations based on those facts. The Court must base its decision on those recommendations, on other evidence in the record, and also on the law and its own interpretation of what evidence is to be given what weight. It is easy for us to sit back and make a decision based on what we would have done in that situation or what the judge should have done. However, that is not what we are tasked to do. We must look at the record, decide if there was sufficient evidence to *324 support the court’s decision, and make our determination based on that.
In this instance the Court decided that it was in the minor’s best interest that guardianship be given to both petitioners, not unlike joint custody in a custody dispute. There is nothing in the law which precludes this decision and based on the evidence in the record, as the judge concluded, actually supports such a ruling. The minor does better when allowed contact with both sets of grandparents.
We go back to beda?ehehl’s initial reports which indicated that home studies were conducted on both petitioners and it found that both were “eligible” to obtain guardianship Under TTC 4.05.370(4) it states:
(a) The report shall address the suitability and character of the legal guardian, including, but not limited to, the financial, physical, and general background of the legal guardian and his/her home.
(b) The report shall reflect contact with all appropriate agencies and individuals who have relevant knowledge and information.
The Court reviewed the reports and determined that the pros of having the paternal grandparents as guardians over the minor outweighed the eons of the negative evidence presented. She also determined that while the minor had spent considerable time with its maternal grandmother, the minor exhibited behavioral problems when separated from either grandparent for any length of time. Each grandparent had previously advocated for visitation with the other grandparent to provide for stability for the minor. It appeared to the judge that the “normal” for this minor was to have contact with both grandparents in a joint guardianship. Again, not unlike a joint custody in a custody case. The trial court judge is in a much better position to determine the suitability of a petitioner for guardianship than we are due to the fact that they get to see the interaction of the person in court and when put under the judicial microscope. This goes to other witnesses, such as a GAL. Bottom line, it is the judge who must absorb all the information, determine the best interests of a child, and then issue a final decision based on facts and the law, I found sufficient evidence to support the court’s decision.

Limited Access to Court Record

The majority did not mention Appellant’s request for review of her lack of access to information contained in the Court’s file. Courts are information gatherers. They must obtain a vast amount of information, depending on the issues before them, before they can make informed decisions. The more information, the more varied the information, the better decision that can be made. Most of the information gathered by the courts is of a nature that anyone who has a desire may look at it. However, there is also the other type of information that is gathered by the court. It is of a nature that only the court, and a sometimes a select few, should have access to it. In a criminal case, there are reports (NCIC) that are about the defendants’ criminal histories that are kept confidential from the defendants themselves, even though it is about them. Their attorney may have limited access to the report, but cannot show it to the defendant. In minor-in-need-of-care cases, there are many reports filed that are confidential to some of the parties in the case. The court may allow limited access to certain people, but many times those reports are only seen by the court itself. The reasons for these limitations are many, but usually it is due the nature of the report, how it is obtained, what information it contains, and how that information might be negatively used if it falls *325 into the wrong hands. In family matters, if some information is allowed general circulation, the people may not be as forthcoming in the future about disclosing stuff because they might be afraid of retaliation or ridicule. Reports that focus on mental health status or recommendations may cause substantial hardship to individuals if the contents were disclosed to persons outside the system (employers, potential loan lenders among others). Even an address of a party could potentially have dire consequences if inadvertently disclosed to an abusive perpetrator.
Records in family matters are generally more closed than other types of cases. Especially about other parties in a case and their personal backgrounds. The judge has an obligation to disclose information that he uses to make a decision, but that does not necessarily give rise to allowing the other parties to be able to review the entire file themselves. In this case, the appellant has failed to show how the non-disclosure of evidence against the other petitioner substantially prejudiced her rights. I would affirm the court’s decision to limit the access to the file.
CONCLUSION
Based on the above, I would find that the appellant failed to meet her burden of showing how the trial court erred and the decision should be overturned. There is a presumption that the Court’s decision is the correct one unless it can be shown that it abused its discretion or made clear error. Just because other minds might not find the same decision does not make the decision wrong. I did not find that the judge’s decision was based on untenable grounds, done for untenable reasons or was manifestly unjust. The trial court had sufficient facts before it to support the decision that it made and I would affirm that decision.